IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:19-cv-50-BO

| | | |
|---|---|---|
| VERONICA PARKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| RESURGENT CAPITAL SERVICES LP, LVNV FUNDING LLC, AND JOHN DOES 1-25, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on defendants' motion to dismiss or stay individual claims, dismiss class claims, and compel arbitration. [DE 19]. Plaintiff has not filed a timely response. The motion is ripe for disposition. For the reasons stated below, defendants' motion is granted as follows: (1) the plaintiff's individual claims are STAYED and arbitration is COMPELLED pursuant to 9 U.S.C. §§ 3, 4; and (2) any class claims are DIMISSED.

## BACKGROUND

Plaintiff applied to Credit One for a credit card on or about March 31, 2015. Her application was accepted, and a credit card account was opened on April 3, 2015. This account is governed by a "Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement" which, as the name suggests, contains an arbitration condition subjecting both parties to mandatory, binding arbitration to settle disputes. The contract states that the arbitration provision survives any assignments or transfers of the account or amounts owed on the account.

A little over a year after opening the account, plaintiff fell behind on payments, and about sixth months later, Credit One sold its rights, title, and interest in the account. After what appears to be a series of assignments, the rights in plaintiff's debt ended up with and is currently owned

by defendant LVNV Funding LLC ("LVNV"). Defendant Resurgent Capital Services LP ("Resurgent") is a company affiliated with LVNV and services its accounts.

On April 5, 2019, plaintiff filed this suit against LVNV, Resurgent, and numerous "John Does." Plaintiff alleges that on April 15, 2018, she received a collection letter from Resurgent, sent on behalf of LVNV, and that this letter contained misleading and confusing language regarding her right to dispute the debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692g. Plaintiff filed on behalf of herself and a purported class. On August 12, 2019, defendants filed this motion to dismiss the class claims, either stay or dismiss the individual claims, and compel arbitration.

## DISCUSSION

When a valid arbitration clause exists and the issues are within its scope, the Federal Arbitration Act ("FAA") directs district courts to stay proceedings and compel arbitration. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002). Four elements must be met for the FAA to apply: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal to arbitrate the dispute. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quotations omitted).

Applying the above test, it is clear the FAA applies. First, the parties dispute whether defendants' April 15, 2018 letter violated the FDCPA and sufficiently informed her of her rights under the agreement. Second, there is no dispute that there is a written agreement governing the credit card account and containing an arbitration provision. The arbitration provision covers most every type of claim imaginable, including "communications relating to [the] account" and

"collections matters relating to [the] account[.]" This language clearly purports to cover the dispute in this case (i.e. the content of the April 15 letter). That the account was assigned to LVNV certainly does not take this dispute outside the arbitration provision's scope. *See Galloway*, 819 F.3d at 83, 90 (enforcing an arbitration agreement of an assigned debt). The credit card agreement itself, of course, proves the connection interstate commerce. Finally, defendants state they made an arbitration demand on plaintiff, through her counsel, and she refused. Plaintiff has not denied this and there is no reason to doubt defendants' account. In short, all the requisites are met, the FAA applies, and the arbitration provision must be enforced.

## CONCLUSION

For the foregoing reasons, defendants' motion [DE 19] is GRANTED as follows. The proceedings are STAYED and plaintiff Veronica Parker is COMPELLED to arbitrate her claims. Any class claims are DISMISSED.

SO ORDERED, this the ∂/ day of September, 2019.

Terrence Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE